UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS CAVALIER, CDCR #E-98747,<br><br>                                    Plaintiff,<br><br>vs.<br><br>A. ARANDA, et al.,<br><br>                                    Defendants. | Case No.: 3:24-cv-01275 AJB-JLB<br><br>**ORDER GRANTING SECOND MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**(ECF No. 13)** |

On June 24, 2024, Plaintiff Robert Thomas Cavalier, while incarcerated at Richard J. Donovan Correctional Facility in San Diego ("RJD"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California, together with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) The case was transferred here for lack of proper venue, and on October 2, 2024, the Court granted Plaintiff leave to proceed IFP, dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, and granted him leave to amend on or before November 18, 2024. (ECF No. 9.)

On November 20, 2024, the Court granted Plaintiff's first motion requesting more time to amend—giving him two additional months, or until February 19, 2025, in which to comply with the Court's October 2, 2024 Order. (ECF No. 11.) Instead of amending,

however, on February 10, 2025, Plaintiff filed a second motion notifying the Court of his transfer to the California Substance Abuse Treatment Facility ("SATF") in Corcoran, and requesting an additional 90 to 120 days to amend.  (*See* ECF No. 13.)

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A).  "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Motions for extension of time are not uncommon and are typically found to be supported by good cause, especially when a party is unrepresented.  *See Hubbard v. Sheffield*, 2014 WL 1309175, at *7 (D. Mont. Mar. 31, 2014), *aff'd*, 669 F. App'x 443 (9th Cir. 2016).  In fact, the court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), and "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967).

Nevertheless, a plaintiff pursuing a civil rights action without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading, and to do so within a time certain.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  A failure to obey the court's orders, local and federal rules, and/or to timely and responsibly prosecute an action

may result in dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262–63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232–33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute).

In his recent motion, which is timely, Plaintiff claims he has been "uprooted and relocated" to SATF, had his personal property and legal worked packed for transit, and has had no access to the law library or time to research and compose his Amended Complaint. (*See* ECF No. 13 at 1.) These restraints related to his incarceration are alleged to have prevented Plaintiff's compliance with the Court's October 2, 2024 Order, and thus are sufficient to show good cause under Rule 6. *See Eldridge*, 832 F.2d at 1136.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's second motion for extension of time (ECF No. 13) and once again **EXTENDS** the time to amend to **May 12, 2025**. Plaintiff is reminded that his Amended Complaint must be complete by itself without reference to his previous pleading. Any Defendants not re-named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

As this is Plaintiff's second request, the extension is generous, and more than six full months will have elapsed since the Court's October 2, 2024 screening Order, Plaintiff should assume that *no further extensions of time to amend will be granted*.

1  Should Plaintiff fail to file an Amended Complaint on or before May 12, 2025, this
2  case will be dismissed based both on his failure to state a claim upon which § 1983 can be
3  granted and his failure to prosecute. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir.
4  2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a
5  district court may convert the dismissal of the complaint into dismissal of the entire
6  action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the
7  plaintiff eventually to respond to the court's ultimatum–either by amending the complaint
8  or by indicating to the court that it will not do so–is properly met with the sanction of a
9  Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated:  February 23, 2025

Hon. Anthony J. Battaglia
United States District Judge