1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

ROBERT THOMAS CAVALIER,
CDCR #E-98747,

Case No.:  3:24-cv-01275-AJB-JLB

12

Plaintiff,

**ORDER GRANTING THIRD AND
FOURTH MOTIONS FOR
EXTENSION OF TIME
TO AMEND**

13

vs.

14

A. ARANDA, et al.,

15
16

Defendants.

**(ECF Nos. 15, 16)**

17
18

On June 24, 2024, Plaintiff Robert Thomas Cavalier, while incarcerated at Richard

19

J. Donovan Correctional Facility in San Diego, and proceeding pro se, filed this civil rights

20

action pursuant to 42 U.S.C. § 1983 in the Northern District of California, together with a

21

motion to proceed in forma pauperis ("IFP").  (ECF Nos. 1-2.)  The case was transferred

22

here for lack of proper venue, and on October 2, 2024, the Court granted Plaintiff leave to

23

proceed IFP, dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C.

24

§ 1915(e)(2) and 1915A, and granted him leave to amend on or before November 18, 2024.

25

(ECF No. 9.)

26

On November 20, 2024, and again on February 24, 2025, the Court granted

27

Plaintiff's first two motions requesting more time to amend—giving him almost six

28

additional months, or until May 12, 2025, in which to comply with the Court's October 2,

2024 Order. (ECF Nos. 11, 14.) Because the extra time permitted to amend was generous, the Court warned Plaintiff that he should assume no further extensions of time would be granted. (*See* ECF No. 14 at 3.) Instead of amending, however, on March 6, 2025, and again on March 25, 2025, Plaintiff filed a third and fourth motion requesting still more time to amend. (*See* ECF Nos. 15, 16.)

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Motions for extension of time are not uncommon and are typically found to be supported by good cause, especially when a party is unrepresented. *See Hubbard v. Sheffield*, 2014 WL 1309175, at *7 (D. Mont. Mar. 31, 2014), *aff'd*, 669 F. App'x 443 (9th Cir. 2016). In fact, the court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), and "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967).

Nevertheless, a plaintiff pursuing a civil rights action without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading, and to do so within a time certain. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.

1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A failure to obey the court's orders, local and federal rules, and/or to timely and responsibly prosecute an action may result in dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262–63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232–33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute).

In his recent motions, Plaintiff claims that since he has been transferred to California Substance Abuse and Treatment Facility in February 2025, 18 days of lockdown have been ordered, and his access to the law library has been limited as a result. (*See* ECF No. 16 at 1.) Thus, while no legal research is required to adequately address the factual pleading deficiencies identified in the Court's October 2, 2024 screening order, Plaintiff points to restraints of incarceration sufficient to show good cause under Rule 6. *See Eldridge*, 832 F.2d at 1136; *cf. Rosenblum v. Ellis, No.* 1:05-CV-01473-LJO-GSA PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) ("[A] lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint. The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

However, Plaintiff will now have had more than nine full months in which to file an Amended Complaint. Therefore, **no further extensions of time to amend will be granted in this case**. Federal courts have inherent power "to control the disposition of the causes on [their] docket[s] with economy of time and effort for [themselves], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022). Thus, while the Court has wide discretion to grant liberal

extensions of time, these must end somewhere, for its discretion is not "limitless." *See e.g., Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing Fed. R. Civ. P. 4(m)); *Jenkins v. R.J. Donovan, et al.*, 2012 WL 3039825 at *1 (9th Cir. July 26, 2012) (finding no abuse of discretion in dismissal of pro se prisoner's civil rights action after he failed to comply with order requiring amendment, was granted previous extension of time and and warned no further extension would be granted).

Accordingly, the Court **GRANTS** Plaintiff's third and fourth motions for extension of time (ECF Nos. 15, 16) and again **EXTENDS** the time to amend to **July 12, 2025**. Plaintiff is once more reminded that his Amended Complaint must be complete by itself without reference to his previous pleading. Any Defendants not re-named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff fail to file an Amended Complaint on or before **July 12, 2025**, his case will be dismissed both for failure to state a claim upon which § 1983 can be granted and for failing to prosecute. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated: March 28, 2025

Hon. Anthony J. Battaglia
United States District Judge