UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS CAVALIER, CDCR #E-98747,<br><br>Plaintiff,<br><br>vs.<br><br>A. ARANDA, et al,<br><br>Defendants. | Case No.: 24-cv-01275-AJB-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDERS** |

On June 24, 2024, Plaintiff Robert Thomas Cavalier, while incarcerated at Richard J. Donovan Correctional Facility in San Diego, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California, together with a motion to proceed in forma pauperis ("IFP"). (*See* Doc. Nos. 1, 2.) The case was transferred here for lack of proper venue, and on October 2, 2024, the Court granted Plaintiff leave to proceed IFP, dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and granted him leave to amend on or before November 18, 2024. (Doc. No. 9.) The Court informed Plaintiff that if he failed to timely amend, it would enter a final judgment of dismissal based on his failures to state a claim and to prosecute

in compliance with the Court's Order requiring amendment. (*Id.* at 11–12 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).) The Court has since granted multiple motions seeking extensions of time to amend, giving Plaintiff an additional eight months, or until July 12, 2025, to comply. (*See* Doc. Nos. 11, 14, 17.) Nearly a year has now elapsed since Plaintiff's complaint was first dismissed, and yet he has still failed to amend.

The Court may *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Because the Court has repeatedly informed Plaintiff of his need to timely amend, factors one, two, and four weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Henderson*, 779 F.2d at 1424; *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.");

*Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five also supports dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction."). Finally, because Plaintiff has failed to file a pleading that survives initial screening, the United States Marshal has not been ordered to effect service of process in this case pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), and no defendant has appeared. Therefore, while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," *Pagtalunan*, 291 F.3d at 642, when taken all together, the Court finds the weight of these factors justify dismissal pursuant to Fed. R. Civ. P. 41(b) and entry of final judgment is warranted. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

## CONCLUSION AND ORDER

For the reasons explained, the Court **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to amend as required by the Court's October 2, 2024; November 20, 2024; February 24, 2024; and March 28, 2025 Orders. (*See* Doc. Nos. 9, 11, 14, 17.) The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: September 26, 2025

Hon. Anthony J. Battaglia
United States District Judge